60029, 60106. CITY OF COLUMBUS et al. v. RICHARDSON (two cases).

SOGNIER, Judge.
On November 28, 1979 appellee Norma Richardson, the owner of the Last Chance Grocery, was issued a license by appellant City of Columbus (City) to sell beer and wine for off-premises consumption. On January 8, 1980, after a hearing on the matter, the City revoked appellee's license. The City cited as reasons for revocation charges of prostitution and other similar charges arising at the Linda Sharon Motel which was located on the same premises as the Last Chance Grocery and owned by appellee's alleged common law husband. All of the charges occurred prior to the issuance of the license to appellee.

The Superior Court granted certiorari, reversed the revocation and ordered the City to reinstate the license. The City contends the trial court erred by concluding as a matter of law that the City improperly revoked the appellee's license based on acts which occurred prior to the issuance of the license, and by ordering the City to reinstate appellee's license. The City ordinance provides in pertinent part: "(a) The following shall be grounds for revocation of all alcoholic beverage licenses: . . .

"(2) Commission of any act in violation of the federal, state or local laws or ordinances which would disqualify a person from

obtaining a license. . .

"(4) Commission of any acts in violation of federal, state or local laws or ordinances or running of a licensed business where such violations frequently or regularly occur so as to cause the chief of police or director of public safety to recommend a revocation of the license."

No acts of appellee are shown to have occurred which invoke provision (2). Provision (4) would apply to acts occurring at appellee's place of business, but when they occurred she was not running a *licensed business* where such violations frequently or regularly occurred and thus, the provision would not apply.

The City, with full prior knowledge of the alleged violations, issued a license, obtained the fees from appellee and allowed her to set up and begin operating under her license. Appellant is now estopped from attempting to revoke the license by raising matters occurring *prior* to the time of its issuance. Such prior occurrences are not sufficient cause for revocation. *Mayor &c. of Savannah v. Savannah Distributing Co.,* 202 Ga. 559 (43 SE2d 704) (1947).

As no unlawful acts of appellee were shown and no unlawful acts occurred at the premises since issuance of her license, the City failed to carry its burden of showing due cause for revocation. See Atlanta Attractions, Inc. v. Massell, 463 F2d 449 (1972). The trial court was correct in reinstating appellee's license. The remaining enumerations of error need not be discussed in view of this ruling.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JUNE 2, 1980 — DECIDED SEPTEMBER 5, 1980.

*E. H. Polleys, Jr.,* for appellants.
*James A. Elkins, Jr.,* for appellee.